# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**VIREO SYSTEMS, INC.,**

    **Plaintiff,**

v.                                   **Case No: 8:25-cv-01559-MSS-CPT**

**KEYVIEW LABS, INC. d/b/a**
**PROCERA HEALTH**
**and SCOTT R. EIBEL,**

    **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Default Judgment. (Dkt. 14) Plaintiff Vireo Systems, Inc. filed this action against Defendants Keyview Labs, Inc. d/b/a Procera Health ("Procera") and Scott R. Eibel ("Mr. Eibel") (collectively, "Defendants"). (Dkt. 1)

Having obtained clerk's default against Defendants, Plaintiff now seeks entry of default judgment. (Dkts. 12, 14) "While all well-pleaded allegations of fact in a complaint are deemed admitted upon entry of default, before entering a default judgment the Court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted." Com. & Indus. Ins. Co. v. S. Constr. Lab. Servs., LLC, No. 617CV965ORL31KRS, 2017 WL 10058584, at *1 (M.D. Fla. Sept. 28, 2017). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction

under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997). Where, as here, "jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 412 (11th Cir. 1999).

Plaintiff has failed to establish diversity jurisdiction because the Complaint does not allege facts sufficient to establish Mr. Eibel's citizenship. First, the Complaint fails to allege Mr. Eibel's citizenship. Instead, it alleges (putting aside, for now, the "[u]pon information and belief" qualification) Mr. Eibel's residence. (Dkt. 1 at ¶ 4) "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). Second, the Complaint alleges that, "**[u]pon information and belief**, Scott Eibel is an individual, *sui juris*, who resides in Tampa, Florida." (<u>Id.</u> (bolding added)) It is not enough for Plaintiff to allege jurisdictional facts on information and belief. <u>12five Cap., LLC v. Landover Sys., LLC</u>, No. 24-20792-CIV, 2025 WL 475833, at *2 (S.D. Fla. Jan. 28, 2025), <u>report and recommendation adopted</u>, No. 24-20792-CIV, 2025 WL 472666 (S.D. Fla. Feb. 12, 2025) (citing cases); <u>see also</u> <u>Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC</u>, No. 3:20-CV-1165-J-34JBT, 2020 WL 6263756, at *2 (M.D. Fla. Oct. 23, 2020) ("Allegations premised only on 'information and belief' are plainly insufficient to establish the jurisdictional thresholds necessary to invoke this Court's subject matter jurisdiction") (citing cases); <u>Great Am. Ins. Co. v. Delphini Constr. Co.</u>, No. 614CV1412ORL41DAB, 2016 WL 11565619, at *4

(M.D. Fla. Mar. 9, 2016) ("Although well pled factual allegations are admitted on default, these [jurisdictional allegations premised "upon information and belief"] are not allegations of fact but of belief, and absent a showing of the basis for this belief, the allegations are not entitled to a presumption of truth."); Admiral Ins. Co. v. VPRART, LLC, No. 21-CV-21312, 2021 WL 1318223, at *1 n.1 (S.D. Fla. Apr. 7, 2021) ("[I]t is *never* appropriate to plead jurisdictional allegations upon information and belief.") (italics in original) (citing cases).

The Court is not prepared to proceed with a default as to Procera at this juncture.

> The Supreme Court has explained that "it is well settled that Rule 21 [of the Federal Rules of Civil Procedure] invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." [Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832, 109 S. Ct. 2218, 2223, 104 L. Ed. 2d 893 (1989)]. Courts apply Rule 19 to determine whether a party is dispensable, and "addressing ... dispensability is a prerequisite to potentially curing [a] case's jurisdictional defects." Axis Ins. Co. v. Appeal Ins. Agency, Inc., No. 1:15-CV-1465-VEH, 2016 WL 146227, at *3 (N.D. Ala. Jan. 13, 2016). A court may utilize Rule 21 to dismiss a nondiverse dispensable party on a party's motion or sua sponte. Id. at *3.

Diverse Staffing Servs., Inc. v. Consultative Sales Pros., LLC, No. CV421-028, 2022 WL 1271726, at *4 (S.D. Ga. Apr. 28, 2022) (alterations except citation to Newman-Green in original). Moreover, "binding cases 'unequivocally instruct[ ] addressing [a defendant's] dispensability is a prerequisite to potentially curing [a] case's jurisdictional deficits.'" Id. (alterations in original) (quoting Axis Ins. Co., 2016 WL 146227, at *3); Fritz v. Am. Home Shield Corp., 751 F.2d 1152, 1155 (11th Cir. 1985) (explaining that the Rule 19 dispensability finding "must be made before a Rule 21

3

dismissal of a nondiverse party is appropriate.") (citation omitted). In lieu of considering without benefit of argument whether Mr. Eibel is a dispensable party and whether he should be dropped from this action, the Court will extend to Plaintiff an opportunity to file an Amended Complaint.

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2. The Clerk's Entry of Default, (Dkt. 10), is **VACATED**.

3. Plaintiff's Motion for Default Judgment, (Dkt. 14), is **DENIED AS MOOT**.

4. Plaintiff shall have up to and including **twenty-one (21) days** from the date of this Order to file an Amended Complaint that sufficiently alleges the citizenship of Parties. Following the filing and service of the Amended Complaint, if diversity is properly pleaded, Plaintiff may renew its request for clerk's default and a default judgment if Defendants fail to timely respond and/or answer the operative pleading.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of October 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person